PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00243-NODJ-BAM |
| Plaintiff, | GOVERNMENT SENTENCING MEMORANDUM |
| v. | DATE: November 6, 2024 |
| LOUIE SANTIAGO SEJA, JR., | TIME: 9:30 a.m. |
| | COURT: Hon. Dale A. Drozd |
| Defendant. | |

## I.  INTRODUCTION

The defendant pleaded guilty on June 17, 2024, to one count of Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(2).  The court has scheduled a sentencing hearing for November 6, 2024.  The United States Probation Office submitted a revised presentence investigation report (PSR), dated October 15, 2024, that has outlined the offense conduct, parts of the defendant's personal history, and the ranges for sentencing under the United States Sentencing Commission's Sentencing Guidelines (USSG).  The report recommends a total term of imprisonment of 188 months and a 180-month term of supervised release.  It also recommends that no fine be imposed but that the defendant be ordered to pay a mandatory $100 special assessment.  The report also recommends that the court not impose the mandatory $5,000 special assessment required under the Justice for Victims of Trafficking Act (JVTA) or the $35,000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA) of 2018.  The defendant did not

file any informal or formal objections to the draft PSR.

## II.     THE DEFENDANT'S OFFENSE CONDUCT WAS EXTREMELY SERIOUS

The defendant has engaged in increasingly serious criminal conduct that previous arrests, prosecutions, custodial sentences, and probation violations have not deterred.  The PSR outlines the defendant's criminal history and points to this in its justification for the recommended term of imprisonment of 188 months.  The government concurs that the defendant's history of violent conduct, including against family members, as well as his inability or unwillingness to abide by conditions of supervision render him a risk to reoffend.  Indeed, he is being sentenced now for having searched for and obtained images of minors engaged in sexually explicit conduct after having served a state prison sentence for similar conduct.  Unfortunately, the defendant has either not been offered or taken advantage of appropriate resources to help him address his significant mental health issues, and the government agrees that a 188-month term of imprisonment would enable him to take advantage of many programs and resources available within the Bureau of Prisons (BOP).  The government does not object to the defendant's request to participate in the BOP's substance abuse programming if he qualifies for it.

## III.    CONGRESSIONAL CONCERN ABOUT THOSE WHO SEXUALLY EXPLOIT CHILDREN REMAINS STRONG AND JUSTIFIES THE TERM OF IMPRISONMENT RECOMMENDED BY THE PROBATION OFFICE AND THE GOVERNMENT.

Numerous statutory and Sentencing Guidelines amendments have strengthened the mandatory and recommended penalties for federal offenses related to the sexual exploitation of minors, and they are consistent with the sentencing recommendations by the probation office and the government.  The defendant is in the general population of sexual offenders that has been deemed worthy of significant federal punishments.  Although he might point to some personal challenges in his earlier life, he has offered no objective evidence that any events in his past caused him to commit crimes related to the sexual exploitation of children.  Government counsel is not aware of any medical or psychological professional who has expressed an opinion that being raised in an environment in which a person is exposed to drug or alcohol abuse and/or domestic violence causes that person to engage in similar behavior.  Fortunately, most people exposed to traumatic events in early years do not go on to commit crimes, especially not crimes against children.  The defendant is 35 years old and he has admitted to

masturbating to images of children being sexually abused. That abuse has included images of children being forcibly restrained and having objects inserted into them. PSR paras. 16, 26-30, and 43. A better argument for leniency would be for the defendant to admit that he has been unable to control his deviant sexual interests but that he is committed to doing so now and in the future. The argument would be more persuasive if it were supported with evidence of his intentions and actions.

The continued focus on people, such as the defendant, who use the internet to sexually exploit children demonstrates that Congress has made this area a legislative priority, and it has attempted to ensure effective prosecution and punishment of offenders. Legislative activity in this area is consistent with a Congressional attempt to "restore the government's ability to prosecute child [exploitation] offenses successfully," by "ensuring that the criminal prohibitions . . . remain enforceable and effective," *United States v. MacEwan*, 445 F.3d 249 n.12 (3rd Cir. 2006). This need is even more critical as technology and offenders become more sophisticated and the number of potential victims becomes larger while their ages become lower. This is especially important in a case like this where law enforcement had intervened against the defendant by arresting him for obtaining images of children being sexually abused, he was sentenced to state prison, and he reoffended soon after being discharged from completing that sentence.

### IV. RELEVANT SENTENCING FACTORS AND GOVERNMENT RECOMMENDATION

The considerations at 18 U.S.C. § 3553(a)(1) through (6) justify a sentence that includes a term of imprisonment for 188 months followed by a 120-month term of supervised release.

#### A. 3553(a)(1) – The nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant has demonstrated his sexual interest in minors by repeatedly obtaining increasingly disturbing images of minors being sexually abused. The nature and number of images justify the prison term recommended by the probation office and the government. A prison term of 188 months with sex offender treatment that continues during a term of supervision will not eliminate the defendant's sexual interest in children, but it should provide him with sufficient insights and techniques to help reduce the risk that he will continue to present to the public, particularly children. A 120-month term of supervised release is warranted so that he participates in sex offender treatment, is obligated to

register as a sex offender, and also participates in any other treatment that his supervising probation officer might recommend as beneficial. His access to minors, computers, and the internet also should be restricted and subject to the supervision of a probation officer during this time. As the court knows, should the defendant perform well on supervision, he can move the court to terminate early that aspect of his sentence. Alternatively, should the defendant violate terms of his supervision, the court could reimpose a longer term, up to lifetime, upon sentencing for a revocation of supervised release.

> **B. 3553(a)(2) – The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with necessary educational training, medical care, or other correctional treatment.**

The majority of these sentencing factors weigh in favor of a sentence that includes a prison term of 188 months followed by a 120-month term of supervised release. The defendant would benefit from participating in a lengthy program of sex offender counseling and treatment, and this would best be done within the confines of a BOP facility. Each BOP institution has counseling resources available, and each region also has at least one designated sex offender management and treatment program. There is also at least one residential treatment program available for inmates who are concluding their custodial sentences. Imposing the prison term recommended by the probation office and the government would provide the defendant with just punishment, afford adequate deterrence to him and others, protect the public from his recent and repeatedly demonstrated sexual interest in children, and provide the defendant with necessary educational training, medical care, or other correctional treatment. He could also take advantage of BOP resources that can address his obvious problems connected to abuse of substances.

> **C. 3553(a)(3) and (4) – The kind of sentences available and the sentencing ranges established.**

These factors also weigh in favor of the sentence recommended by the government, because the ranges for sentencing include a mandatory minimum prison term of five years with a maximum term of twenty years. Probation is expressly precluded by statute under 18 U.S.C. §§ 2422(b), 3561(a)(2). The prison term recommended by the probation office and the government is obviously below the maximum term that the court could impose.

GOVERNMENT SENTENCING MEMORANDUM     4

**D. 3553(a)(5) – Any pertinent policy statements by the Sentencing Commission.**

Although many defendants and some courts have criticized the punishments for federal child sexual exploitation offenses, Congress has not relented in legislating in this area. Congress relatively recently enacted the Justice for Victims of Trafficking Act of 2015, Pub. L 144-22, May 29, 2015. Notably, too, although the Sentencing Commission made some adjustments to provisions of USSG § 2G2.2 effective November 1, 2016, most of the provisions were not changed. And although they are only advisory, the Guidelines, at 5K2.0 Application Note 4, indicate that downward departures in "child crimes and sexual offenses," including the offenses for which the defendant will be sentenced, are strongly discouraged. This only underscores that Congress and the Sentencing Commission generally believe that the range for sentencing in a case such as before the court is not unduly harsh. So these factors weigh in favor of the sentence recommended by the government.

**E. The need to avoid unwarranted sentencing disparities.**

Many defendants sentenced in the Fresno division of the Eastern District of California have received sentences within, or close to, the relevant Sentencing Guidelines range for conduct similar to that engaged in by this defendant. It is always difficult to compare outcomes of sentencings in different cases, because each is dependent on its own facts and the considerations personal to a defendant. But the defendant's conduct in this case justifies the court in imposing the sentence recommended by the government and doing so would be consistent with outcomes in other cases with similar charges.

**F. Victim Impact and Restitution**

Although the government believes that there likely are victims who might seek restitution from the defendant, no requests have been submitted as of this filing. Should any claims be submitted prior to the sentencing hearing, the government will advise the defendant, probation office, and the court. The court will have the option of addressing any claim for restitution at a separate hearing.

**G. Financial Assessments**

The probation office has recommended that the court not impose a fine or any other financial assessment other than the mandatory $100 special assessment. The court should also impose the $5,000 assessment under the JVTA, because the defendant is not indigent for that purpose. Under the JVTA, a court must impose a $5,000 special assessment per count for any "non-indigent person" convicted of a

1  crime listed in Chapter 110. 18 U.S.C. § 3014(a).  A determination of indigency for appointment of
2  counsel does not control whether a defendant is indigent for the purpose of imposing a mandatory JVTA
3  assessment.  The circuits that have considered this issue have rejected the same argument.  *See, e.g.*,
4  *United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017). In *Kelley*, the Eighth Circuit rejected the
5  defendant's argument that the standard for indigence under the JVTA is the same as the standard of
6  indigence for appointment of counsel or proceeding in forma pauperis.  *Id.* at 800–01.  The court noted
7  that the standard for in forma pauperis is—and should be—lower than for indigence in post-judgment
8  fines, because if a defendant cannot afford an attorney he cannot be assured a fair trial.  *Id.*  But for post-
9  judgment fines, like the $5,000 JVTA special assessment, the court found more apt the comparison of
10 sentencing phase standards for indigence, which allow a court to consider a defendant's future earning
11 ability.  *Id.* at 801.  In the USSG, for instance, a defendant bears the burden to prove that he cannot
12 afford to pay a fine at the time of sentencing and that he is "not likely to become able to pay a fine upon
13 his release from his term of imprisonment."  *Id.*
14       Likewise, under the Victim and Witness Protection Act courts may consider a defendant's future
15 earning ability in deciding how much restitution to order.  *Id.*  The reason courts look not only to a
16 defendant's current assets, but also future earning potential when imposing a fine is because a defendant
17 will have a chance in the future to pay the fine once the defendant is released from prison, so limiting
18 the inquiry to the assets at the time of sentencing does not make sense.  *United States v. Shepherd*, 922
19 F.3d 753, 758 (6th Cir. 2019); *see also United States v. Norton*, 48 F.4th 124 (3rd Cir. 2022) (no error in
20 district court imposing JVTA assessment on defendant who qualified for appointed counsel who was
21 sentenced to 168-month term of imprisonment and 240-month term of supervised release for child
22 exploitation offense).  Even if the defendant does not have a strong employment history, he will have an
23 opportunity to earn wages while serving his sentence within BOP.  Having a portion of those earnings
24 go toward compensating victims will serve the interests of justice by providing resources to those
25 victims while also reminding the defendant why he is being confined.
26       **V.     CONCLUSION**
27       The court should impose a term of imprisonment of 188 months followed by a 120-month term
28 of supervised release that includes the standard and special conditions proposed in the revised PSR.  The

court should also impose the mandatory penalty assessment of $100 and the JVTA assessment of $5,000.

Dated: October 29, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney

GOVERNMENT SENTENCING MEMORANDUM        7